

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Federal Courthouse*
*17 South Park Row*
*Room A330*
*Erie. Pennsylvania 16501*                    *814/452-2906*

July 2, 2019

Stephen E. Sebald, Esquire
2503 West 26th Street
Erie, Pennsylvania 16506

GOVERNMENT
EXHIBIT
__1__

Re:     United States of America v.
        MATTHEW POESE
        Criminal No. 19-16 Erie

Dear Mr. Sebald:

This letter sets forth the agreement by which your client, MATTHEW POESE, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between MATTHEW POESE and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, MATTHEW POESE will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

       A.     The defendant, MATTHEW POESE, agrees to the following:

              1.     He will waive prosecution by indictment and enter a plea of guilty to Count One of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 19-16 Erie, charging him with violating 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) , pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

```
LIMITED OFFICIAL
      USE
```

2.    Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement, so long as the victim makes a claim for restitution prior to sentencing in this case. Further, the defendant agrees to pay restitution under 18 U.S.C. § 2259 to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing for restitution purposes, if necessary.

3.    Under 18 U.S.C. § 2259, the amount of restitution per victim is not less than $3,000.00.

4.    He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

5.    He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 2252(a)(3) including but not limited to the following: a) Google Pixel phone; b) Western Digital 2TB external hard drive, bearing serial number WCAVY5546305, and; c) Synology NAS (network area storage), bearing serial number 1830Q8N376303.

6.    He acknowledges that the above-described property was used to possess and access with intent to view child pornography.

7.    At the time MATTHEW POESE enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

8.    Defendant further agrees to pay an assessment per relevant count of conviction pursuant to 18 U.S.C. § 2259A and pursuant to 18 U.S.C. § 3014 as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

9. As required by 18 U.S.C. §§ 30.563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 42 U.S.C. § 16901 et seq.), MATTHEW POESE agrees to report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision, and further agrees to register as a convicted sex offender under the law of any state in which he resides, is employed, carries on a vocation, or is a student.

10. MATTHEW POESE waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, MATTHEW POESE may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, MATTHEW POESE may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

   1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of MATTHEW POESE in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

   2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria

set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

3.  The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.  MATTHEW POESE and the United States Attorney further understand and agree to the following:

1.  The penalty that may be imposed upon MATTHEW POESE is:

    (a)  A term of imprisonment of not more than ten (10) years;

    (b)  A fine of $250,000;

    (c)  A term of supervised release of not less than five (5) years and up to life;

    (d)  A special assessment under 18 U.S.C. § 3013 of $100;

    (e)  An additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a);

    (f)  An additional special assessment, pursuant to 18 U.S.C. §2259A, per count of no more than $17,000.00;

    (g)  Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

    (h)  Mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000.00 per victim for any qualifying count of conviction.

2.  The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3.  This agreement does not preclude the government from pursuing any civil or administrative remedies against MATTHEW POESE or his property.

4.  Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between MATTHEW POESE and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Scott Brady*

SCOTT W. BRADY
United States Attorney

I have received this letter from my attorney, Stephen E. Sebald, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

MATTHEW POESE

12 Aug 2019
Date

Witnessed by:

STEPHEN E. SEBALD, ESQUIRE
Counsel for MATTHEW POESE